EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

LARRY L. BUTRICK #3910
Chief, Criminal Division

FLORENCE T. NAKAKUNI #2286
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone:  541-2850
Facsimile:  541-2958
E-mail:  Florence.Nakakuni@usdoj.gov

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 2 8 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 06-00563 DAE |
| | ) | CR. NO. 06-00194-05 DAE |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OF PLEA AGREEMENT |
| vs. | ) | |
| | ) | Date:  November 28, 2006 |
| CHARMAINE MONIZ, (05) | ) | Time:  2:30 p.m. |
| | ) | Judge: Kevin S.C. Chang |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, CHARMAINE MONIZ, and her attorney, David L. Gierlach, have agreed upon the following:

1.   Defendant is charged in an Indictment in United States v. Damien Kalei Hina, et al., Cr. No. 06-00194 DAE with

conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of methamphetamine, its salts, isomers and salts of its isomers, in violation of 21 U.S.C. § 846.

2. Defendant acknowledges that she has been charged in the Amended Information with violating Title 18, United States Code, Sections 1030(a)(2) and 1030(c)(2)(B)(ii).

3. Defendant has read the charge against her contained in the Amended Information, and those charges have been fully explained to her by her attorney. Defendant has already received a copy of the Amended Information. Defendant is aware that she has a right to have this felony charge asserted against her by way of Grand Jury Indictment. Defendant hereby waives (gives up) this right and consents that these charges may be asserted against her by way of Information. Defendant is also aware that the count contained in the Amended Information is arguably duplicitous and waives her right to be charged in a count which charges one crime and is not duplicitous.

4. Defendant fully understands the nature and elements of the crime with which she has been charged.

5. Defendant will enter a voluntary plea of guilty to Count 1 of the Amended Information charging her with being an employee of the Federal Bureau of Investigation, Honolulu Division and intentionally accessed an FBI computer in a manner that exceeded her authorized access and thereby obtained

sensitive FBI information, namely, records from the Automated Case Support (ACS) and Electronic Case File (ECF) databases, including reports identifying subjects of active drug investigations, and querying certain subjects in the databases. The prosecution agrees to move to dismiss the counts in the Indictment as to Defendant after sentencing.

6. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

7. Defendant enters this plea because she is in fact guilty of as charged in the Information, and agrees that this plea is voluntary and not the result of force or threats.

8. Defendant understands that the penalties for the offense to which she is pleading guilty include:

up to five years imprisonment and a fine of up to $250,000, plus a term of supervised release of at least two years but not more than four years.

In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for each count to which she is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable

to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

      9. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

      a. Defendant Charmaine Moniz admits that from September 18, 1999 to December 21, 2004 she was an employee of the Federal Bureau of Investigation, Honolulu Division and was employed as a Support Services Clerk (from 9/18/1999 [handwritten: 7/19/ cm jn] to 01/11/2004) and an Accounting Technician (from 01/11/2004 to 12/21/2004) at the Honolulu Division.

      b. Defendant Charmaine Moniz admits she accessed a non-public computer of the FBI in a matter that exceeded her authorized access and did thereby obtain information from the files of the FBI.

      c. Defendant Charmaine Moniz also admits that on July 13, 2003, she accessed a non-public computer of the FBI in a manner that exceeded her authorized access and obtained information from the FBI in that she accessed the Electronic Case File database and reviewed FBI documents pertaining to the drug dealing activities of Damien Kalei Hina and Jonathan Kimo Luna and Jess Lundgren, who are co-defendants charged in the

indictment with Defendant Charmaine Moniz in <u>United States v. Damien Kalei Hina, et al.</u>, Cr. No. 06-00194 DAE.

        c.    Defendant Charmaine admits that on July 31, 2003, she accessed a non-public computer of the FBI in a manner that exceeded her authorized access and conducted a "universal index search" for co-defendant Eric Moniz, who is Defendant Charmaine Moniz's husband.

        d.    Defendant Charmaine Moniz admits that her access of the FBI information, as set forth in the above subparagraphs of paragraph 8, were committed in furtherance of criminal activity, i.e., defendant knew that her husband Eric Moniz was involved in the drug dealing activities of Damien Kalei Hina, Defendant Charmaine Moniz did not want her husband to be arrested so Defendant Charmaine Moniz warned her husband Eric Moniz about these individuals and these warnings served to facilitate the drug activities of Damien Kalei Hina and Eric Moniz in that they became more cautious in their drug dealing activities.

    10. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

11. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

    a. Factual stipulations contained in paragraph 8.

    b. The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea(s) constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible. The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

12. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any

stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

13. The Defendant is aware that she has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

a. The Defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of her sentence greater than specified in that guideline range and the manner in which that portion was

determined under Section 3742 and to challenge that portion of her sentence in a collateral attack.

      c.  The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

    14.  The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

    15.  The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

    16.  Defendant understands that by pleading guilty she surrenders certain rights, including the following:

a. If Defendant persisted in a plea of not guilty to the charges against her she would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and her attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on her own behalf. If the witnesses for the Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

e. At a trial, the Defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

17. Defendant understands that by pleading guilty, she is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to her, and the consequences of the waiver of those rights.

18. Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

19. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to

accept this Agreement since the Court is expressly not bound by stipulations between the parties.

20. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against her, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

DATED: October ____, 2006, at Honolulu, Hawaii.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

*/s/ Charmaine Moniz*
CHARMAINE MONIZ
Defendant

*/s/ Larry L. Butrick*
LARRY L. BUTRICK
Chief, Criminal Division

*/s/ David J. Gierlach*
DAVID J. GIERLACH, Esq.
Attorney for Defendant

*/s/ Florence T. Nakakuni*
FLORENCE T. NAKAKUNI
Assistant U.S. Attorney

11